UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:20CR814 RWS (SPM) |
| DOUGLAS CARY, JR | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

This matter was referred to the undersigned United States Magistrate Judge for all pretrial matters pursuant to 28 U.S.C. §636(b). Defendant Douglas Cary, Jr. is charged with one count of being a felon in possession of ammunition in violation of 18 U.S.C. §922(g)(1) (Count 1).  *See* Doc. 2 (Redacted Indictment).  Currently before the Court is defendant's motion to dismiss the indictment pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure (Doc. 26). For the reasons more fully set out below, Cary's motion fails to meet the requirements of Fed. R. Crim. P. 12(b) and should be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 16, 2020, a federal grand jury returned an indictment charging Cary with one count of being a felon in possession of ammunition in violation of 18 U.S.C. §922(g)(1) (Count 1).  *See* Doc. 2. Cary was arraigned on April 15, 2021, before the Honorable David D. Noce, and requested time to file pretrial motions. Following a scheduling conference, the undersigned found that, in the interest of justice, the request should be granted and extended the deadline for filing motions to May 28, 2021.  Upon Cary's motions, the undersigned granted additional extensions, in the interest of justice, until June 7, 2021. On

June 7, 2021, and in compliance with this Court's orders, Cary filed the instant motion to dismiss the indictment.

On June 14, 2021, the undersigned held a scheduling conference with counsel to determine, among other things, if either party intended to present evidence or make oral argument in support or opposition to the motion. At the time of the conference, defense counsel indicated that based on recently obtained information, she intended to file a Reply after the United States filed its response. On June 30, 2021, the United States filed its response in opposition and based on defense counsel's representation at the scheduling conference, I entered an order setting a deadline of July 15, 2021 for defense counsel to file a Reply. On July 8, 2021, defense counsel filed a notice indicating that no Reply would be forthcoming; however, the undersigned inadvertently overlooked the notice and only recently realized the motion was still pending.

After carefully considering the applicable law and the written submissions by the parties, the undersigned makes the following report and recommendation.

## CONCLUSIONS OF LAW

Cary moves to dismiss the indictment pursuant to Fed. R. Crim. P. 12(b) but, except as discussed below, does not otherwise specify the basis for the motion. As such, the undersigned construes the motion as a challenge to the sufficiency of the indictment. Under Rule 12(b)(3)(B)(v), a defendant may seek to dismiss an indictment for failure to state an offense; and defendant must make this facial challenge before trial. Fed. R. Crim. P. 12(b)(3)(B)(v). The requirements for the contents of an indictment are set forth in Fed. R. Crim. P. 7.

Fed. R. Crim. P. 7(c) requires that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." To be legally sufficient on its face and otherwise comport with the requirements of the Sixth Amendment, an indictment must fairly inform the

defendant of the crime with which he is being charged in sufficient detail so that he may prepare a defense, and invoke the double jeopardy clause in any future prosecutions based on the same conduct. Fed. R. Crim. P. 7(c); *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir 1988), cert. denied, 488 U.S. 849 (1988); *United States v. Bowie*, 618 F.3d 802, 817 (8th Cir. 2010); *United States v. Huggans*, 650 F. 3d 1210, 1217 (8th Cir. 2011).  The test "is not whether [the indictment] could not have been made more definite and certain." *United States v. Tebeau,* 713 F.3d 955, 962 (8th Cir. 2013). Instead, "[a]n indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense . . ." *Huggans*, 650 F.3d at 1218 (quoting *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009)).

Generally, an indictment which sets forth the words of the statute itself is sufficient, as long as those words fairly inform the defendant of the elements necessary to constitute the offense charged. *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2007); *United States v. McKnight*, 799 F.2d 443, 445 (8th Cir. 1986); *United States v. Powell*, 701 F.2d 70, 73 (8th Cir. 1983). In reviewing the sufficiency of an indictment, the government's allegations are accepted as true, without reference to allegations outside the indicting document. *United States v. Farm & Home Savings Association*, 932 F.2d 1256, 1259, n.3 (8th Cir. 1991).

Count 1 of the indictment meets the pleading requirement of Rule 7(c) and comports with the Constitution. As Cary acknowledges in his Motion and Memorandum, the three essential elements of felon in possession of ammunition are: (i) previous conviction of a crime punishable by a term exceeding one year, (ii) knowing possession of ammunition and (iii) the ammunition previously traveled in interstate or foreign commerce during or prior to being in the Defendant's possession. *See* Doc. 26. Count 1 alleges:

> On or about September 21, 2020, in the City of St. Louis, within the Eastern District of Missouri, DOUGLAS CARY, the Defendant herein, knowingly

3

possessed ammunition, knowing he had previously been convicted in a court of law of one or more crimes punishable by a term of imprisonment exceeding one year, and the ammunition previously traveled in interstate or foreign commerce during or prior to being in the Defendant's possession. In violation of Title 18, United States Code, Section 922(g)(l), and punishable under Title 18, United States Code, Section 924(a)(2).

Cary's motion fails because the facts asserted in the indictment together with statutory terms assert all the essential elements of the crime charged and are more than sufficient to give Cary notice of the charge he is facing.

In support of his motion to dismiss, Cary argues the United States failed to provide discovery indicating the ammunition he allegedly possessed had previously traveled in interstate or foreign commerce before (or while) he possessed it. This argument is more a challenge to the sufficiency of the government's evidence than a challenge to the sufficiency of the indictment. The Eighth Circuit has held that, so long as the indictment is otherwise sufficient, "federal criminal procedure does not allow for pre-trial determination of the sufficiency of the evidence." *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) (quoting *United States v. Critzer*, 951 F.2d 306, 307–08 (11th Cir.1992)). In so holding, the Eighth Circuit has recognized that, in criminal cases, "there is no corollary" to the summary judgment procedures contemplated by the Federal Rules of Civil Procedure. *Ferro,* 252 F.3d at 968. The Eighth Circuit has also recognized that the "government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to [Rule 29]." *Id.* The Eighth Circuit has disapproved "dismissal of an indictment on the basis of predictions as to what the trial evidence will be." *Id.* As such, Cary's arguments attacking the sufficiency of the government's evidence are not a basis for dismissal of the indictment.

## **CONCLUSION**

In sum, the indictment in this case makes clear the offense charged and sufficiently sets forth the underlying transaction which forms the basis of the charged offense of felon in possession of

ammunition in violation of 18 U.S.C. §922(g)(1). Cary's motion to dismiss should be denied because the sole count of the indictment complies with the requirements of Rule 7(c) and the Constitution.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant Douglas Cary Jr.'s Motion to Dismiss the Indictment be **DENIED.**

The parties are advised that they have **fourteen (14)** days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

Trial in this case will be set at a later date before the **Honorable Rodney W. Sippel.**

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated: August 24, 2021.